# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **INSIGHT TERMINAL SOLUTIONS** | **PLAINTIFF** |
| v. | No. 3:25-cv-23-BJB |
| **CITY OF OAKLAND** | **DEFENDANT** |

\* \* \* \* \*

## ORDER VACATING JUDGMENT

Last month, the Bankruptcy Court entered an order that addressed the parties' motions for summary judgment. *See* Bankr. DN 142. Then the Bankruptcy Judge entered an additional *sua sponte* order citing Bankruptcy Rule 7058 in support of a ruling that "the Judgment entered, along with its related analysis, findings and conclusions, is final." Bankr. DN 146. Oakland now moves to vacate these orders and clarify that the judgment is not, in fact, final. DN 39. The City is right.

All parties agree that bankruptcy judges lack authority to enter final judgments in non-core proceedings. *See generally* 28 U.S.C. § 157(c)(1); *Stern v. Marshall*, 564 U.S. 462, 477 (2011). Despite some lawyerly quibbling over whether ITS has or hasn't conceded this proceeding was non-core, the Bankruptcy Court repeatedly ruled that this was *not* a core proceeding, and the parties plainly litigated for months under that assumption. *See* Bankr. DN 56 at 9; Bankr. DN 142 at 20; *see also* Bankr. DN 146 (amending order without mention of jurisdiction). And nothing currently before this Court provides any reason to conclude that these claims arise "in" or "under" federal bankruptcy law—as core proceedings must; rather, they appear merely to "relat[e] to" the 2018 ITS bankruptcy proceeding and are thus non-core proceedings. *See* 28 U.S.C. § 1334(b). To be sure, ITS apparently intends to argue that the proceeding is "core" under 28 U.S.C. § 157(b)(2)(A), (B), (K), or (O). *See* DN 40 at 2; DN 44 at 5–6. (Or perhaps 157(b)(2)(M) or (N), as counsel suggested at the October 31 hearing?) The Court will certainly consider those arguments in due course. But for now a final judgment based on the Bankruptcy Court's authority to resolve core disputes seems both unsupported and likely unsupportable.

The finality designation should be vacated for a separate reason as well. The Bankruptcy Court's judgment was partial and interlocutory—not final—insofar as it addressed only liability and not damages. Again, all parties appear to accept this. (Indeed, ITS apparently was willing to stipulate to vacatur on this ground but not the jurisdictional point discussed above. *See* Response (DN 44) at 2.) An order such as

this one, which granted partial summary judgment on the issue of liability only is "by [its] terms interlocutory" because "assessment of damages or awarding of other relief remains to be resolved." *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). So the Court vacates the contrary designation of the ruling below as final.

As made clear during the most recent hearing and scheduling order, DN 36 at 2 (as modified in part by DN 46), this Court will soon consider Oakland's objections to the merits of the Bankruptcy Judge's partial summary-judgment order. This vacatur ruling is purely procedural and has little if any bearing on those arguments. It appears to matter little at this stage whether the parties characterize the Bankruptcy Court's ruling as *proposed* findings of fact and law, *see* Oakland Motion to Vacate (DN 39) at 3, or *actual* findings of fact and conclusions of law, *see* ITS Response (DN 44) at 5, or something else entirely. Regardless of labels, this Court will consider the substance of Oakland's disagreements with and ITS's defenses of that decision during the next phase of this litigation.

The Court therefore grants Oakland's request to vacate the Bankruptcy Court's order (Bankr. DN 146) purporting to designate its prior ruling (Bankr. DN 142) as a final judgment. The briefing schedule announced in the Court's order withdrawing the reference from the Bankruptcy Court (DN 36) remains in effect with respect to Oakland's substantive objections to the Bankruptcy Court's summary-judgment ruling.